46 F.3d 1124
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Darryl GODFREY, Plaintiff-Appellant,
v.
BODDIE-NOELL ENTERPRISES, INCORPORATED, t/a Hardee's of
Norfolk, Defendant-Appellee.
 No. 94-1292.
 United States Court of Appeals, Fourth Circuit.
 Argued: Sept. 28, 1994.
Decided: Jan. 30, 1995.
 
 ARGUED: Morris H. Fine, Steven Paul Letourneau, FINE, FINE, LEGUM & FINE, Virginia Beach, VA, for Appellant. Randolph C. DuVall, PENDER & COWARD, Virginia Beach, VA, for Appellee. ON BRIEF: William B. Smith, FINE, FINE, LEGUM & FINE, Virginia Beach, VA, for Appellant.
 Before ERVIN, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The plaintiff, Darryl Godfrey, sued Boddie-Noell Enterprises, Inc., trading as Hardee's restaurant, for injuries suffered as a result of a criminal assault and shooting by an unknown third party on defendant's premises. The case was tried before a jury. After five days of testimony and four hours of deliberation, the jury reported that they were hopelessly deadlocked. The judge declared a mistrial and granted defendant's Rule 50(b) motion for judgment as a matter of law, finding that Boddie-Noell owed no duty of care to Godfrey. Godfrey appeals the district court's judgment and for the reasons stated below, we affirm.
 
 
 2
 Federal Rule of Civil Procedure 50(a)(1) allows the district court to enter judgment as a matter of law on a motion by a party if "there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue." The threshold question of law in a negligence action is whether a duty of care exists on the part of a defendant to a plaintiff. Fox v. Custis, 236 Va. 69, 372 S.E.2d 373, 375 (1988). "Where there is no legal duty to exercise care, there can be no actionable negligence." Deem v. Charles E. Smith Management, Inc., 799 F.2d 944, 945 (4th Cir.1986) (citing Virginia Ry. & Power Co. v. Winstead's Adm'r., 119 Va. 326, 328, 89 S.E. 83, 84 (1916).
 
 
 3
 As a general rule, a landowner owes no duty to protect invitees from the criminal acts of third parties. Wright v. Webb, 234 Va. 527, 362 S.E.2d 919, 920 (1987). A limited exception was stated in Wright, where the Virginia Supreme Court substantially adopted the reasoning and language of the Tennessee Supreme Court in Cornpropst v. Sloan, 528 S.W.2d 188, 198 (Tenn.1975). In Wright, the court stated:
 
 
 4
 We hold that a business invitor, whose method of business does not attract or provide a climate for assaultive crimes, does not have a duty to take measures to protect an invitee against criminal assault unless he knows that criminal assaults against persons are occurring, or are about to occur, on the premises which indicate an imminent probability of harm to an invitee.
 
 
 5
 362 S.E.2d at 922.
 
 
 6
 As the district court correctly noted, under Wright, a plaintiff must establish a duty by the defendant to protect him from criminal assault by a third party by showing either that (1) the business invitor's method of business attracts or provides a climate for assaultive crimes, or (2) that the business invitor had knowledge that criminal assaults against invitees are imminent. The district court granted defendant's motion for judgment as a matter of law on the second prong of the Wright test. The issue of imminent harm has not been appealed. Instead, Godfrey appeals on the ground that defendant's method of business attracts or provides a climate for assaultive crimes.
 
 
 7
 In a very thorough and detailed opinion, the district court analyzed a series of cases applying the principles articulated in Wright and Cornpropst. The district court correctly found that "under Virginia law, the evidence in this case, even when considered in the light most favorable to [Godfrey], is not sufficient for any reasonable jury to conclude that [Boddie-Noell] conducted [its] business in such a way as to attract or provide a climate for assaultive crimes." The court noted that Boddie-Noell did not encourage or condone any criminal activity and that there was no special "catering" to the "club crowd." In fact, the court emphasized several factors that decreased the likelihood of crime at the restaurant: the employment of two armed security guards, an alcohol-free menu, the well-lighted premises, and the restaurant's location on a major thoroughfare.
 
 
 8
 We, therefore, agree with the district court that Boddie-Noell owed no duty of care to Godfrey and affirm based on the reasoning of the district court. Godfrey v. Boddie-Noell, 843 F.Supp. 114 (E.D.Va.1994).
 
 
 9
 AFFIRMED.